IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32466-4-III |
| Respondent, | ) | |
| v. | ) | UNPUBLISHED OPINION |
| MARGARITO GORDIAN CRUZ, | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Margarito Cruz appeals his convictions for rape of a child in the second degree and child molestation in the second degree. He contends the trial court violated his right to a public trial when it allowed the parties to exercise their peremptory challenges silently by exchanging a written list of jurors between themselves. Based on the recent decision in *State v. Love*, 183 Wn.2d 598, 354 P.3d 841 (2015), we affirm.

FACTS

A jury found Mr. Cruz guilty of rape of a child in the second degree and child molestation in the second degree. Mr. Cruz's convictions were reversed on appeal due to

a violation of his right to a public trial during jury selection, and the matter was remanded for a new trial.

Following voir dire in the second trial, counsel exercised peremptory challenges silently in the courtroom by passing a sheet of paper back and forth, writing down the names and numbers of jurors they wished to be excused. The struck juror sheet, which was filed in the court record the following day, shows the State struck seven jurors and Mr. Cruz struck six. There is no indication in the record whether any member of the public had to leave the courtroom, the courtroom was locked, or anyone was barred from entering. Similarly, the record does not reflect whether the public could not see counsel passing the struck juror sheet between themselves.

Following this, the trial judge announced who had been selected to serve on the jury, including an alternate. The empaneled jury found Mr. Cruz guilty on both counts. Mr. Cruz appealed.

## ANALYSIS

Article I, section 22 of the Washington Constitution guarantees a criminal defendant the right to a public trial. In analyzing whether Mr. Cruz's public trial right was violated, *Love* is controlling as it involved the same challenge to the exercise of silent peremptory challenges. There, the Washington Supreme Court found the defendant did not show either (1) the courtroom was completely and purposefully closed to the

2

public or (2) a portion of the trial was held someplace "inaccessible" to spectators. *Love*, 183 Wn.2d at 606. The *Love* court disagreed with the defendant's analogy equating the exercise of silent peremptory challenges occurring in open court to those proceedings done behind a closed chambers door. *Id.* In so finding, the court reiterated the purpose of the public trial right: to facilitate fair and impartial trials through public scrutiny. *Id.* And because no portion of the peremptory challenge process was concealed, the public was able to effectively oversee selection of the jury. *Id.* at 607. The court noted the public could watch the questioning of the jury pool and listen to the answers given, see counsel exercise challenges at the bench and on paper, evaluate the empaneled jury, and look at the struck juror sheet if desired. *Id.* Thus, the *Love* court held "the procedures used at [the defendant's] trial comport with the minimum guarantees of the public trial right." *Id.*

Here, Mr. Cruz does not differentiate the facts of his case from the facts in *Love*. As in *Love*, Mr. Cruz analogizes the use of silent written peremptory challenges to closing the courtroom. However, as explicitly noted by the *Love* court, where written methods of challenging jurors are used and such methods are done in open court and on the record, the proceedings are subject to public scrutiny. *Id.*

3

No. 32466-4-III
*State v. Cruz*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

4